**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **C.A.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00526** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.,* | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; 8 U.S.C. §§ 1225, 1226; APA 5 U.S.C. § 706; Complaint for Declaratory and Injunctive Relief, (Dkt. No. 1), and Petitioner's Ex Parte Motion to Proceed Under Pseudonym, (Dkt. No. 1-3). Petitioner challenges his continued detention in federal immigration custody. Petitioner is represented by counsel.

First, the Court **GRANTS** Petitioner's motion to proceed under pseudonym. Courts in the Fifth Circuit have granted similar motions, and in some cases, apply initialed pseudonyms to cases of this nature as a matter of course. *See, e.g.*, *M.A.P.S v. Garite*, No. 3:25-CV-171, slip op. (W.D. Tex. May 13, 2025) (granting Petitioner-Plaintiff leave to proceed under pseudonym); *see also Aliosky O.T.P. v. Warden*, No. 1:26-CV-147, slip op. at 1 n.1 (S.D. Tex. Feb. 27, 2026) ("Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial."). As such, Petitioner may proceed under the pseudonym "C.A." and the Clerk of Court is **DIRECTED** to file under seal any documents disclosing Petitioner's full name.

Second, the Court requires an amended pleading or supplemental briefing before ordering a response to the petition from Respondents. The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* at 4.

According to the petition, Petitioner is a citizen of China. (Dkt. No. 1 at 8). She has been detained in immigration custody since December 28, 2024. (*Id.* at 9). The petition represents that an Immigration Judge issued a "final order of removal" against Petitioner on January 30, 2026. (*Id.*). However, based on the attachments, it appears that Petitioner was ordered removed on August 11, 2025, and she subsequently filed an appeal to the Board of Immigration Appeals (BIA). (Dkt. No. 1-8 at 4). That appeal was dismissed by the BIA on January 30, 2026. (*Id.* at 5). Petitioner asserts that her detention "has far exceeded the presumptively reasonable six-month period" because she has been detained for a total of 453 days. (Dkt. No. 1 at 11). She asserts that her detention violates 8 U.S.C. § 1231(a) and the Due Process Clause, and she requests that the Court order her release.

This statute, 8 U.S.C. § 1231, governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) *Upon dismissal of an appeal by the Board of Immigration Appeals*;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1 (emphasis added).

2 / 3

In *Zadvydas v. Davis*, the Supreme Court held that detention after a final order of removal is prolonged and unconstitutional when there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 678, 701 (2001). However, there is a six-month presumption of reasonable detention after an order of removal becomes final. *Id.*

Here, Petitioner contends that her detention exceeds the six-month presumptively reasonable period; however, her removal order only became final two months ago. Accordingly, the Court is inclined to find that the *Zadvydas* claim is premature. If Petitioner intends to maintain this claim, she must submit legal authority supporting the claim.

For the reasons stated above, the Court **GRANTS** Petitioner leave to amend her petition **by April 6, 2026**. If Petitioner does not amend her petition, she is **ORDERED** to file supplemental briefing supporting her claims as pleaded **by April 6, 2026**. If Petitioner fails to amend her petition or file supplemental briefing, her petition may be dismissed without prejudice.

It is so **ORDERED**.

**SIGNED** on March 30, 2026.

_____
John A. Kazen
United States District Judge